IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
　　Estate of Michael Ratliff,

　　　　Plaintiff – Appellant　　　　　　　　　　Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
　　INSURANCE CO.,

　　　　Defendant – Appellee

On Appeal from the United States District Court for the Northern District Of West Virginia, Elkins Division, Civil Action No. 2:13-CV-00008-JPB-JES.

BRIEF OF APPELLANT

SUBMITTED BY:

Scott W. Andrews, Esq.
Hoover Andrews PLLC
3570 U. S. Route 60 East
Barboursville, WV 25504
(304) 733-3400 – Office
(304) 733-4888 – Fax
swandrews@hooverandrews.com

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
    Estate of Michael Ratliff,

      Plaintiff – Appellant              Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO.

      Defendant – Appellee

On Appeal from the United States District Court for the Northern District
Of West Virginia, Elkins Division, Civil Action No. 2:13-CV-00008-JPB-JES.

## DISCLOSURE STATEMENT

Appellant is an individual with no corporate affiliations.

# TABLE OF CONTENTS

**Page**

I.    Jurisdictional Statement ................................................................... 1

II.    Statement of Issues Presented for Review ................................. 1

III.   Statement of the Case .................................................................... 2

IV.   Statement of Facts .......................................................................... 3

V.    Standard of Review ......................................................................... 9

VI.   Summary of Argument ................................................................... 11

VII.   Argument ........................................................................................... 13

       A. The District Court Erred When it Precluded Plaintiff's Expert
           Witness from Testifying at Trial ............................................ 13

       B. The District Court Erred When it Allowed State Farm to File
           its Motion for Summary Judgment Beyond the Deadline Without
           Any Showing of Good Cause ................................................... 18

       C. The District Court Erred in Granting the Motion for Summary
           Judgment and in Doing So Assumed the Role of the Jury .......... 21

VIII.   Conclusion ......................................................................................... 25

i

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
    Estate of Michael Ratliff,

      Plaintiff – Appellant                  Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO.

      Defendant – Appellee

## TABLE OF AUTHORITIES
(Cases-Federal)

Page

Cavallo v. Star Enter., 100 F.3d 1150 (4th Cir. 1996) ............... 15

Charbonnages de France v. Smith, 597 F.2d 406 (4th Cir. 1979) ............... 10

Cooper v. Norfolk & Western Ry. Co., 870 F.Supp 1410 (S.D.W.Va. 1994) ...... 10

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) ............... 14, 15,18

Evans v. Home Depot U.S.A., Inc., 2013 WL 6185199 (N.D.W.Va. No. 26, 2013) 14, 15,17

Hardin v. Ski Venture, Inc., 50 F.3d 1291 (4th Cir. 1995) ............... 13

Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999) ............... 9,14

Landis v. Hearthmark, LLC, 2014 WL 814270 (N.D.W.Va. Feb. 26, 2014) ...... 15

M&M Medical Supplies and Service, Inc. v. Pleasant Valley Hospital, Inc., 981 F.2d 160 (4th Cir. 1992) ............... 9

Marcum v. Zimmer, 163 F.R.D. 250 (S.D.W.Va. 1995) ............... 19

ii

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
    Estate of Michael Ratliff,

    Plaintiff – Appellant                   Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO.

    Defendant – Appellee

## TABLE OF AUTHORITIES CONTINUED
### (Cases-Federal)

Page

Rhodes v. United States, 282 F.2d 59 (4th Cir. 1960) ............................................ 14

State Automobile Mutual Ins. Co. v. Davis, 2007 WL 3219265 (S.D.W.Va. 2007)  19

U.M.W.A. Dist. 31 v. Thomas Development, Ltd., 821 F.Supp. 426
    (S.D.W.Va. 1993) ............................................................................................. 10

U.S. v. Baller, 519 F.2d 463 (4th Cir. 1975) ...................................................... 17

U.S. v. Beasley, 495 F.3d 142 (4th Cir. 2007) ................................................... 9

U.S. v. Grimmond, 137 F.3d 823 (4th Cir. 1998) ............................................. 9

Whiteman v. Chesapeake Appalachia, LLC, 729 F.3d 381 (4th Cir. 2013) ..........  9
............................................................................................................................ 10

Wilson v. Appalachian Power Co., 2011 WL 221656
    (S.D.W.Va. Jan. 24, 2011) .............................................................................. 19

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
    Estate of Michael Ratliff,

    Plaintiff – Appellant                Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO.

    Defendant – Appellee

## TABLE OF AUTHORITIES
### (Cases-State)

<u>Page</u>

Cavender v. Fouty, 464 S.E.2d 736 (W.Va. 1995) .......................... 10

Hatten v. Mason Realty Co., 135 S.E.2d 236 (W.Va. 1964) .......................... 10

Jones v. Patterson Contracting, Inc., 524 S.E.2d 915 (W.Va. 1999) .............. 13

Law v. Monongahela Power Co., 558 S.E.2d 349 (W.Va. 2001) .................. 10

Lawrence v. Nelson, 113 S.E.2d 241 (W.Va. 1960) .......................... 17,18

Mayhorn v. Logan Medical Foundation, 454 S.E.2d 87 (W.Va. 1994) ............. 18

Merrill v. W.Va. Dept. of Health and Human Resources, 632 S.E.2d 307
    (W.Va. 2006) .......................... 10

Poling v. Belington Bank, 529 S.E.2d 856 (W.Va. 1999) .......................... 10

San Francisco v. Wendy's International, Inc., 656 S.E.2d 485 (W.Va. 2007) ...... 17

State v. Dietz, 390 S.E.2d 15 (W.Va. 1990) .......................... 13

State v. McFarland, 332 S.E.2d 646 (W.Va. 1985) .......................... 13

iv

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, as Administratrix of the
    Estate of Michael Ratliff,

     Plaintiff – Appellant                              Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO.

     Defendant – Appellee

## TABLE OF AUTHORITIES CONTINUED
### (Cases-State)

|  | Page |
|---|---|
| State ex rel. Jones v. Recht, 655 S.E.2d 126 (W.Va. 2007) | 18 |
| Taylor v. Cabell Huntington Hospital, Inc., 538 S.E.2d 719 (W.Va. 2000) | 13 |
| Tracy v. Cottrill, 524 S.E.2d 879 (W.Va. 1999) | 13 |
| Wilson v. Daily Gazette Co., 588 S.E.2d 197 (W.Va. 2003) | 10 |

### (Rules)

|  | Page |
|---|---|
| F.R.E. 702 | 15 |
| F.R.Civ.Proc. 16(b)(4) | 19 |
| L.R.Civ.Proc. 7.02(b) | 20 |

# I. JURISDICTIONAL STATEMENT

(A) The United States District Court for the Northern District of West Virginia, Elkins Division (hereinafter, the "District Court"), had subject matter jurisdiction and venue pursuant to 28 U.S.C. 1332. Appellant is domiciled in Delaware. Appellee is a foreign corporation.The motor vehicle accident in question occurred in Grant County, West Virginia. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of fees and costs. Appellate jurisdiction in this Honorable Court is proper pursuant to 28 U.S.C. 1291.

(B) The Orders giving rise to this appeal were entered on February 25, 2014, March 4, 2014, and March 7, 2014, respectively. The Notice of Appeal was filed on March 14, 2014.

(C) The Order Granting Defendant's Motion for Summary Judgment entered March 7, 2014 was a final order or judgment which disposed of all pending claims.

# II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

(A) Whether the District Court erred when it granted defendant-appellee's Motion to Strike Plaintiff's Expert Witness, Kevin Theriault, and precluded Mr. Theriault from testifying on behalf of plaintiff at trial.

(B) Whether the District Court erred when it granted defendant-appellee's Motion to Allow Filing of Motion for Summary Judgment BeyondDeadline where there was no showing of good cause in support of said Motion.

(C) Whether the District Court erred when it granted defendant-appellee's Motion for Summary Judgment, finding there was no genuine issue of material fact for trial.

## III. STATEMENT OF THE CASE

Plaintiff-appellant Jessica Ratliff's decedent, Michael Ratliff, was killed in a motor vehicle accident which occurred on or about September 12, 2010, in Grant County, West Virginia. Jessica Ratliff settled with the alleged tortfeasor for his policy limits and pursued a claim for recovery of underinsured motorist ("UIM") benefits pursuant to Michael Ratliff's insurance policy, issued by defendant-appellee State Farm Mutual Automobile Insurance Co. (hereinafter, "State Farm"). Jessica Ratliff alleged the fatal accident was caused by the negligence of the other driver, Jonathan Knight, who had settled with Jessica Ratliff prior to this suit being filed. State Farm contended that the accident resulted from Michael Ratliff's's negligence and therefore declined payment under the UIM provisions of the policy.

The District Court granted State Farm's Motion to Strike Plaintiff's Expert Witness by Order entered February 25, 2014. Following this ruling, State Farm then filed its Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline, and its Motion for Summary Judgment. The District Court granted the

Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline by Order entered March 4, 2014. The District Court then granted State Farm's Motion for Summary Judgment by Order entered March 7, 2014. On that same day, it entered its Judgment in a Civil Action. Jessica Ratliff filed her Notice of Appeal on March 14, 2014, appealing these three (3) Orders.

# IV. STATEMENT OF FACTS

On or about September 12, 2010 the Appellant's Decedent, Michael Ratliff, in executing a legal passing maneuver on State Rt. 28/55, in Grant County, West Virginia, attempted to pass a Chevrolet Cavalier driven by Jonathan Knight but, upon pulling into the passing lane, encountered a tractor trailer traveling in the opposite direction. When Mr. Ratliff attempted to position his motorcycle back into his lane of travel, the same was struck by the vehicle being operated by Mr. Knight, causing Mr. Ratliff to be ejected from his motorcycle. As a result of the collision, Michael Ratliff later died from his injuries. JA 2, DE 1, p. 2.

At the time of the aforesaid accident, the vehicle which Jonathan Knight was operating was an insured vehicle and had an automobile liability policy issued by Peak Property, Policy No.: 480096088, with West Virginia minimum liability coverage limits of $20,000.00 per person for bodily injury. The Estate of Michael Ratliff negotiated a settlement with Peak Property Insurance Co. on behalf of the Estate in the sum of $20,000.00 which was approved at a Wrongful Death Summary

3

Proceeding on June 14, 2012 before the Grant County Circuit Court and approved by Order of the Grant County Circuit Court on November 14, 2012. Id. at p. 3.

State Farm consented to the Plaintiff's settlement and release with Peak Property Insurance Co. for the vehicle owned and operated by Jonathan Knight and agreed to waive any subrogation rights against the insured, Jonathan Knight. Id.

The damages sustained by the Estate of Michael Ratliff as a direct and proximate result of the negligence of Jonathan Knight exceed the $20,000.00 liability limits of the policy issued by Peak Property Insurance Co. Id. By way of example, appellant's decedent incurred medical bills of over $20,000 prior to his death two days later from the injuries he sustained in the accident.

At the time of the aforesaid collision, the motorcycle which Michael Ratliff was operating was owned by him and said motorcycle was covered by underinsurance from State Farm in the amount of $100,000.00 per person and $300,000.00 per accident. Id. at p. 4.

The State Farm Policy, No. 175 1588-D30-42A, issued to Michael Ratliff (hereinafter, the "State Farm Policy") included underinsured motorists' bodily insurance provisions requiring the State Farm, to undertake to pay money or to do those acts in furtherance of its underinsured motorists liability obligation in the event its insured suffered a loss or damage within the underinsured motorists liability coverage and applicable time period. Id.

There was no dispute that Michael Ratliff was an insured under the policy, or that the accident occurred within the relevant policy period. The only dispute was

4

whose negligence was the proximate cause of the subject accident. More specifically, the issue is whether the impact between the two vehicles occurred in the westbound or eastbound lane of travel (i.e. the lane both vehicles were traveling in, or the passing lane).

Because of this dispute, Jessica Ratliff filed suit against State Farm on or about January 25, 2013, alleging, *inter alia,* causes of action for Breach of Contract, violation of the West Virginia Unfair Trade Practices Act, and for punitive damages. Id. at pp. 5 – 7. Subsequently, Jessica Ratliff voluntarily dismissed Counts II and III of the Complaint, for violation of the UTPA and for punitive damages.

Because Michael Ratliff never regained consciousness after the accident, he was never able to give any statement about his version of the events which led to his death.

Allen Parsons, the driver of the oncoming tractor-trailer, was the only independent witness to the accident. He testified that he was unable to pinpoint the exact location of either vehicle in relation to the center line at the point of impact. JA 257, DE 100-1, p. 7, Page ID# 666.Mr. Parsons also testified that after the impact, Michael Ratliff's body came at his truck in the air, and he had to get as far over to the right as he could to avoid hitting him. JA 252-3, Id. at pp. 2-3, Page ID# 661-2. He was adamant that Mr. Ratliff was in his lane of travel (which was the passing lane to Mr. Ratliff and Mr. Knight). Id. He first thought Mr. Ratliff was going to strike his windshield. JA 253, Id at p. 3, Page ID# 662. Even after his

5

evasive maneuvering, he was afraid Mr. Ratliff was going to strike his driver's side mirror. Id.

The other fact witnesses who testified were all members of the same family and were in the Chevrolet Cavalier driven by Mr. Knight. Besides Mr. Knight, there was his wife, Tiffany Knight, and Jeff Kimble, her brother. Mr. Knight insisted that the Cavalier was not over the center line at any time. JA 269, DE 100-2, p. 8, Page ID# 678. Mrs. Knight agreed. JA 223, DE 97-3, p. 5. Mr. Kimble wasn't sure of the Cavalier's exact location at the point of impact. JA 228, DE 97-4, p. 3.

One thing all the witnesses agreed on was that the decedent's body was at least across the center line of the roadway when it came to rest after the crash. JA 268, DE 100-2, p. 7, Page ID# 677; JA 288, DE 100-3, p. 7, Page ID# 697; JA 301, DE 100-4, p. 5, Page ID# 710. This fact was also noted in the Report of Accident Investigation prepared by Deputy Thompson of the Grant County Sheriff's Dept. (hereinafter, the "Accident Report") JA 197-211, DE 97-1, pp. 1-16. The Accident Report also notes the point of impact on the Knight vehicle (the Chevrolet Cavalier), and the final resting places of the decedent and his vehicle after the accident. JA 199, 200, Id at pp. 3, 5. Unfortunately, no photos were taken, and Deputy Thompson was unavailable to testify.

Jessica Ratliff retained expert witness Kevin Theriault to conduct an investigation into the accident and to give his opinions about what occurred based on the limited physical evidence available. Mr. Theriault is an expert in the field of

accident reconstruction. He issued a written report, and gave a deposition in the case. Mr. Theriault opined that the impact occurred in the passing (eastbound) lane and that Mr. Knight's vehicle was over the center line at the point of impact. JA 55-9, DE 77-1, pp. 1-5.

Mr. Theriault based his opinions on the available physical and factual evidence. He testified that in forming his opinions in the case, he has relied on the Accident Report for determining the point of impact of the collision, and the impact damage to the Chevy Cavalier driven by Jonathan Knight. JA 144-7, DE 84-1, pp. 2-5.

Mr. Theriault further relied on Jonathan Knight's statement provided to the investigating officer, and the resting points of Mr. Ratliff and the motorcycle he drove. JA 146-8, Id. at pp. 4-6. He also relied on the testimony of Allen Parsons. JA 150, DE 84-1, p. 8. Mr. Parsons is the only independent witness to the accident; and Mr. Ratliff was unfortunately unable to provide his version of events prior to his death.

Furthermore, the report authored by Mr. Theriault clearly states that his opinions are based on the final resting location of Mr. Ratliff, the motorcycle, and the contact location on the left rear bumper of the Cavalier. JA 55, 57, DE 77-1, pp. 1-3.

State Farm moved to strike Mr. Theriault as an expert witness and to preclude him from testifying at trial. State Farm did not challenge his

qualifications as an expert in the field of accident reconstruction; rather, it argued that his opinion was speculative and was not supported by the evidence. State Farm argued that his opinions and testimony did not meet the standards for admissibility under F.R.E. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579, 113 S.Ct. 2786 (1993) and its progeny. The District Court, without holding any hearing on the issue, agreed and granted State Farm's Motion by its Order of Pretrial Conference entered on or about February 25, 2014. JA 179-80, DE 93, pp. 1-2, Page ID# 583-584.

Three days later, State Farm filed its Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline (JA 181-3, DE 96, pp. 1-3, Page ID# 589-91), and filed its Motion for Summary Judgment. The Scheduling Order entered by the District Court on or about April 29, 2013 required that dispositive motions be filed not later than December 1, 2013. JA 10, DE 9, p. 1, Page ID# 38. By Joint Motion of the Parties, the Deadline for Dispositive Motions was subsequently amended to December 15, 2013. JA 23, DE 42, p. 1, Page ID# 136. State Farm did not file this dispositive motion in a timely fashion pursuant to the Scheduling Order or the Order Granting Enlargement. Furthermore, there was no change in the factual evidence or testimony of any witness after the deadline, other than the exclusion of Mr. Theriault's opinion testimony. Nor did State Farm offer any reason for the late filing of its Motion for Summary Judgment other than the exclusion of Mr. Theriault's testimony.

However, the District Court granted the Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline by Order entered on or about March 4, 2014. JA 237-8, DE 98, pp. 1-2, Page ID# 646-7. That Order required Jessica Ratliff to file her Response to the Motion for Summary Judgment by 12:00 p.m. on March 6, 2014. Id. The District Court then granted State Farm's Motion for Summary Judgment by Order entered on or about March 7, 2014. JA 340-45, DE 103, pp. 1-6, Page ID# 752-757. This appeal followed one week later. JA 347-9, DE 105, pp. 1-3, Page ID# 759-761.

## V. STANDARD OF REVIEW

There are two different standards of review in play here. The first is the standard of review applicable to a court's evidentiary rulings, such as the District Court's ruling precluding the testimony of appellant's expert witness. The standard of review for that type of ruling is an "abuse of discretion" standard. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167 (1999); U.S. v. Beasley, 495 F.3d 142, 150 (4th Cir. 2007); U.S. v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998).

The standard of review for a federal appellate court reviewing a grant of summary judgment by a district court is *de novo*. Whiteman v. Chesapeake Appalachia, LLC, 729 F.3d 381 (4th Cir. 2013); M & M Medical Supplies and Service, Inc. v. Pleasant Valley Hospital, Inc., 981 F.2d 160 (4th Cir. 1992), *cert. denied* 113 S.Ct. 2962, 508 U.S. 972. When an appeal arises from a grant of summary judgment, the reviewing court must view the evidence, and draw all

9

reasonable inferences therefrom, in the light most favorable to the non-moving party. <u>Whiteman</u>, 729 F.3d 381.

In assessing a motion for summary judgment, the trial court must be careful to ensure that all justifiable inferences are drawn in favor of the non-moving party, since determination of credibility, weighing of evidence, and drawing of legitimate inferences from the facts are a jury function, not those of the judge. <u>Cooper v. Norfolk & Western Ry. Co.</u>, 870 F.Supp 1410 (S.D.W.Va. 1994). See also: <u>Charbonnages de France v. Smith</u>, 597 F.2d 406 (4th Cir. 1979). Summary judgment should be denied even where there is no dispute as to the evidentiary facts in the case, but only as to the conclusions to be drawn from them. <u>Wilson v. Daily Gazette Co.</u>, 588 S.E.2d 197 (W.Va. 2003).

The rule relating to summary judgment does not create a right on the part of the trial court to invade the province of the jury; the function of the jury as trier of fact remains unimpaired by this rule. <u>Hatten v. Mason Realty Co.</u>, 135 S.E.2d 236 (W.Va. 1964). The trial court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. <u>Merrill v. West Virginia Dept. of Health and Human Resources</u>, 632 S.E.2d 307 (W.Va. 2006); <u>Law v. Monongahela Power Co.</u>, 558 S.E.2d 349 (W.Va. 2001); <u>Poling v. Belington Bank</u>, 529 S.E.2d 856 (W.Va. 1999); <u>Cavender v. Fouty</u>, 464 S.E.2d 736 (W.Va. 1995).

Further, the party moving for summary judgment has the initial burden to show the absence of any genuine issue of material fact for trial. <u>U.M.W.A. Dist. 31</u>

v. Thames Development, Ltd., 821 F.Supp. 426 (S.D.W.Va. 1993). This the appellee cannot do. Although there may be certain issues of fact which are not disputed, there are disputes as to several other areas of fact. There are areas in which the witness testimony is inconsistent. There are other areas that involve evidence other than witness testimony.

## VI. SUMMARY OF ARGUMENT

The District Court erred when it granted State Farm's Motion to Strike Plaintiff's Expert Witness, Kevin Theriault. State Farm's Motion focused on only one of Mr. Theriault's opinions, that regarding what appellant's decedent was attempting to do at the time of the impact. State Farm's Motion, and its deposition examination of Mr. Theriault, did not focus on his main opinion, which is that the physical evidence and testimony supports his opinion that the point of impact occurred in the passing (eastbound) lane of the roadway. His opinion meets the standards for admissibility under Rule 702 and Daubert and its progeny. The District Court should have held a hearing on the matter before granting State Farm's Motion. In failing to do so, and in precluding Jessica Ratliff's expert from testifying at trial, the District Court abused its discretion.

The District Court also erred when it granted State Farm's Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline. State Farm failed to show any good cause why its Motion should be granted, as there was no change in the witnesses, testimony or facts after the previously-established deadline for

dispositive motions. The only change State Farm could point to was that the District Court prohibited Mr. Theriault from offering opinion testimony. That ruling didn't change any of the factual evidence to be presented. State Farm's Motion for Summary Judgment could easily have been timely filed prior to the District Court's ruling precluding Mr. Theriault from testifying at trial.

Finally, regardless of whether Mr. Theriault was permitted to testify at trial, the District Court erred when it granted State Farm's Motion for Summary Judgment because there were genuine issues of fact for trial. Even though there was no eyewitness testimony that the point of impact of the vehicles was in the passing lane, the jury could have still reached this conclusion from the available physical evidence – the point of impact on the Cavalier, the resting point of Mr. Ratliff and his vehicle, and the testimony of Allen Parsons that Mr. Ratliff was coming straight at his vehicle in the eastbound lane of traffic. The District Court assumed the role of the trier of fact in making its ruling, and in doing so committed reversible error.

# VII. ARGUMENT

## A. The District Court Erred When it Precluded Plaintiff's Expert Witness from Testifying at Trial

The purpose of expert opinion testimony is to allow witnesses possessing the requisite training, skill or knowledge in a particular area to enlighten the fact finder. <u>State v. Dietz</u>, 390 S.E.2d 15 (W.Va. 1990). Under West Virginia law, the qualification of a witness as an expert, and the admissibility of testimony by the expert, is within the discretion of the trial court. <u>Taylor v. Cabell-Huntington Hospital, Inc.</u>, 538 S.E.2d 719 (W.Va. 2000); <u>Tracy v. Cottrill</u>, 524 S.E.2d 879 (W.Va. 1999); <u>Jones v. Patterson Contracting, Inc.</u>, 524 S.E.2d 915 (W.Va. 1999). State Farm here did not question Mr. Theriault's qualifications as an accident reconstruction expert; rather, it questioned the admissibility of his testimony. There is no showing that his methods differed from the accepted methods of any other accident reconstruction expert.

The average juror is not trained or skilled in motor vehicle accident reconstruction; if so, experts in the field would not be necessary. Opinion evidence from competent experts may be properly called for when questions presented are of such nature that lay persons generally would not be competent to pass judgment thereon. <u>State v. McFarland</u>, 332 S.E.2d 646 (W.Va. 1985). The touchstone of whether a witness may testify as an expert is whether the witness would be helpful to the trier of fact. <u>Hardin v. Ski Venture, Inc.</u>, 50 F.3d 1291 (4th Cir. 1995). An expert may state his conclusions drawn from findings which he is able to make

within the area of his special knowledge. <u>Rhodes v. U.S.</u>, 282 F.2d 59 (4th Cir. 1960).

In recent years the U.S. Supreme Court has moved away from blind adherence to the factors set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), instead requiring that the "particular circumstances" of the "particular case" at issue be identified to determine if the case requires scientific expertise or more personal knowledge and/or experience to determine what, if any, <u>Daubert</u> factors are applicable in the process of determining the reliability of an expert's opinion. <u>Evans v. Home Depot U.S.A., Inc.</u>, 2013 WL 6185199 (N.D.W.Va.Nov. 26, 2013), *citing* <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).

In <u>Evans</u>, the defendant moved to exclude plaintiff's expert engineer, contending that his opinions on causation were not based on specific technical or engineering theories and contained conclusions that could be drawn independently by the jury (similar to the argument made here by State Farm). The <u>Evans</u> court denied the defendant's motion, finding that the expert's opinions were formulated within a reasonable degree of engineering certaintyand based on his knowledge, education and experience in accident reconstruction and mechanical failures. The court found the expert also reviewed physical evidence, witness statements, and the cart involved in the accident. The court stated:

> As such, [the expert] is able to provide specialized knowledge
> that will assist the jury in both understanding how the cart

14

generally operates and functions and also determining the
proximate cause of the accident. . .

His opinions are far beyond those of a lay person and will
therefore enable the jury to better understand how the collapse
at issue occurred. *Id.*

Significantly, the District Court also had occasion to examine the
admissibility of an expert's testimony under Rule 702 in another opinion which was
issued only one day after the District Court's February 25, 2014 Order of Pretrial
Conference in this matter.  In <u>Landis v. Hearthmark, LLC</u>, 2014 WL 814270
(N.D.W.Va. February 26, 2014), the District Court denied defendant's motion to
exclude plaintiff's expert life care planner.  The District Court acknowledged that:

> The inquiry to be undertaken by the district court is a "flexible
> one" focusing on the "principles and methodology" employed
> by the expert, not on the conclusions reached. *Daubert*, 509 U.S.
> at 594-95.

Furthermore:

> [T]he court should be mindful that Rule 702 was intended to
> liberalize the introduction of relevant expert evidence. *See
> Cavallo v. Star Enter.,* 100 F.3d 1150, 1158-59 (4th Cir. 1996).
> And, the court need not determine that the expert testimony
> a litigant seeks to offer into evidence is irrefutable or certainly
> correct. *Id.* As with all other admissible evidence, expert testi-
> mony is subject to being tested by "[v]igorous cross-examination,
> presentation of contrary evidence, and careful instruction on
> the burden of proof." *Daubert,* 509 U.S. at 596.

The District Court's February 25, 2014 Order in this case certainly did not
include this degree of analysis, so it is difficult to determine on what specific
grounds Mr. Theriault's opinions were excluded.

In forming his opinions, Mr. Theriault relied on the available physical evidence. He relied on the final resting points of the decedent and his vehicle after the crash. He relied on witness statements, and the police report for the location of the point of impact on the Cavalier driven by Mr. Knight. JA 144-7, DE 84-1, pp. 2-5. He based his opinions on his knowledge, education, and years of experience as an accident reconstructionist. His qualifications to this effect were not challenged by the State Farm or the District Court. JA 179, DE 93, p. 1, Page ID# 583.

Furthermore, State Farm's counsel did not fully examine Mr. Theriault about all his opinions during his deposition. State Farm's counsel focused on an attempt to explain what appellant's decedent was doing in the time immediately prior to the crash, in the form of whether the decedent could have executed a passing maneuver in the time or distance available to him given the approach of the tractor-trailer driven by Allen Parsons. JA 69-76, DE 77-2, pp.10-17. In making his calculations in support of this opinion, Mr. Theriault testified that he relied on a Northwest table to determine the coefficient of friction for a motorcycle sliding on its side. He is also familiar with and has seen studies or tests regarding the slide propensities of a motorcycle on a highway where the motorcycle is equipped with handlebars and pegs. These factors do not change the direction of travel of the motorcycle. JA 137, DE 84, p. 4.

Yet the main opinion offered by Mr. Theriault, as clearly expressed in his report, is that the point of impact of the vehicles was in the passing (eastbound) lane, over the center line of the vehicles' lane of travel. JA 55, 57, DE 77-1, pp.1, 3.

Clearly the report states the basis for this opinion. This opinion was not the main subject of deposition examination by defense counsel. Furthermore, there is no obligation or requirement, that counsel is aware of, to ask questions of one's own witness in a discovery deposition. It seems as if the District Court, without conducting any hearing on the matter, determined that because one of Mr. Theriault's opinions may not be admissible, that all of them were inadmissible, and that Mr. Theriault would be precluded from expressing any opinion at trial.

Absolute certainty of result or unanimity of scientific opinion is not required for admissibility; it is better to admit relevant scientific evidence in the same manner as other expert testimony and allow its weight to be attacked by cross-examination and refutation. U. S. v. Baller, 519 F.2d 463 (4th Cir. 1975); *cert. denied* 96 S.Ct. 456, 423 U.S. 1019.

A lay jury may be able to ascertain facts, but needs the assistance of an expert to ascertain the conclusions to be reached from those facts. Here, the jury can listen to the testimony of the witnesses, it can determine the resting point of the motorcycle and Mr. Ratliff, it can determine the damage to the Cavalier. An expert witness in the field of motor vehicle accident reconstruction is needed to assist them in interpreting this evidence and determine the meaning of the facts. This was the crux of the decision in Evans, which should be controlling here.

It should be for the jury, not the Court, to determine the weight to be given to an expert's testimony. San Francisco v. Wendy's International, Inc., 656 S.E.2d 485

(W.Va. 2007); State ex rel. Jones v. Recht, 655 S.E.2d 126 (W.Va. 2007); Mayhorn v. Logan Medical Foundation, 454 S.E.2d 87 (W.Va. 1994).  See also:  Lawrence v. Nelson, 113 S.E.2d 241 (W.Va. 1960)(challenge to accident reconstruction expert's testimony dealt with weight to be given evidence in question, and was for jury determination).  Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.    Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993).   The jury should have been permitted to hear Mr. Theriault's testimony and to assign it the weight they felt it deserved.  The District Court erred when it granted State Farm's Motion to Strike Plaintiff's Expert Witness and precluded Mr. Theriault from testifying at trial.

     **B. The District Court Erred When it Allowed State Farm to File its Motion for Summary Judgment Beyond the Deadline Without Any Showing of Good Cause.**

     The District Court's Order Granting Enlargement required that dispositive motions be filed not later than December 15, 2013. JA 23, DE 42, p. 1, Page ID# 136.  The District Court granted State Farm's Motion to Strike Plaintiff's Expert Witness, Kevin Theriault, by its Order of Pretrial Conference entered on February 25, 2014.  JA 179-80, DE 93, pp. 1-2, Page ID# 583-4.  In its Motion to Allow Filing of Motion for Summary JudgmentBeyond Deadline, State Farm then asserted that this ruling, and this ruling alone, gave it cause to file a late motion for summary

judgment based on the alleged facts of the case. No further reason for the late filing is advanced. JA 181-3, DE 96, pp. 1-3, Page ID# 589-91.

State Farm did not assert sufficient cause for the late filing of its Motion for Summary Judgment. F.R.Civ.Proc. Rule 16(b)(4) requires a showing of good cause for modification of or variation from a Scheduling Order. Further, it has been held that to establish good cause under Rule 16(b), a court should consider the diligence with which the movant sought the amendment and the reasons for seeking the modification. Wilson v. Appalachian Power Co., 2011 WL 221656 (S.D.W.Va., Jan. 24, 2011), citing Marcum v. Zimmer, 163 F.R.D. 250 (S.D.W.Va. 1995). Jessica Ratliff is not arguing the diligence issue; rather, the purported reason for State Farm seeking the modification simply did not constitute the showing of "good cause" required.

The District Court's ruling striking plaintiff's expert did not change the factual evidence in the case. The fact witnesses did not change. The testimony of the fact witnesses did not change. The District Court's ruling on Jessica Ratliff's expert merely meant the jury would not have heard herexpert's opinions based on the facts of the case.

There is no reason why State Farm could not have filed its Motion for Summary Judgment in accordance with the deadlines established by the District Court, and there is no compelling reason why it should have been permitted to do so over two (2) months after the deadline, and only eleven (11) days before trial. See: State Automobile Mutual Ins. Co. v. Davis, 2007 WL 3219265 (S.D.W.Va.

19

2007)(Court declined to allow late filing of motion for summary judgment where no good cause for delay was shown).

The case had been scheduled for trial beginning March 11, 2014. JA 11, DE 9, p. 2, Page ID# 39. State Farm's Motion for Summary Judgment was filed on February 28. JA 184, DE 97, p. 1, Page ID# 592. The District Court's Order Granting the Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline (filed March 4, 2014, one week prior to trial) required Jessica Ratliff to file her Response to the Motion for Summary Judgment not later than 12:00 p.m. on March 6, 2014. JA 237-8, DE 98, pp. 1-2, Page ID# 646-7. Therefore, Mrs. Ratliff did not have the normal time to file her response to the Motion for Summary Judgment.

Local Rule of Civil Procedure 7.02(b) provides a customary time of fourteen (14) days to file a response to a summary judgment motion. Under the District Court's Scheduling Order, and under the Order Granting Enlargement, Jessica Ratliff would have had thirty (30) days to respond had the Motion for Summary Judgment been timely filed. JA 23, DE 42, p. 1, Page ID# 136. However, due to the late filing of the State Farm's Motion, Mrs. Ratliff had only two (2) days to cobble together her Response. This was prejudicial to Mrs. Ratliff and her counsel, who was heavily involved in trial preparation at that time. The District Court erred when it allowed State Farm to file its Motion for Summary Judgment outside the time previously established by the District Court's Order Granting Enlargement

without any showing of good cause. Such error was an abuse of the District Court's discretion.

### C. The District Court Erred in Granting the Motion for Summary Judgment and in Doing So Assumed the Role of the Jury.

#### 1. There was a Genuine Issue of Fact for the Jury.

State Farm failed to demonstrate that there is no genuine issue of material fact with regards to those assertions. Furthermore, the testimony of the witnesses is so contradictory that it must be up to the jury to assess the credibility of each witness and weigh the evidence presented, and to draw conclusions from the evidence.

State Farm argued that four witnesses had already testified as to this issue of which lane the Chevy Cavalier owned and operated by Jonathan Knight was in at the time of impact with Mr. Ratliff's motorcycle. A closer examination of the cited testimony from the witnesses reveals that only two witnesses had testified in this manner, Jonathan Knight, the driver of the vehicle in question, and Tiffany Knight, his wife. Their testimony is predictably self-serving. Jeff Kimble, a passenger in the Knight vehicle (and the brother of Tiffany Knight), didn't see the exact location of the Knight vehicle at the point of impact. JA 228, DE 97-4, p. 3.

Allen Parsons is the only independent eye witness who testified. Mr. Parsons was unable to pinpoint the exact location of the Cavalier in relation to the center line at the point of impact. JA 257, DE 100-1, p. 7, Page ID# 666. Therefore, the witness testimony is not unanimous on this issue. Further, Mr. Parsons also testified as to other facts which would allow a jury to conclude that the impact

occurred in the passing lane. He testified that Michael Ratliff, after being ejected from his vehicle, was coming toward him in the eastbound lane and that he had to get over as far as he could to avoid hitting the Mr. Ratliff, who wound up on the centerline of the road. JA 252-3, Id. at pp. 2-3, Page ID# 661-2. This testimony creates a genuine issue of material fact that should have been for a jury to determine.

> ### 2. The Jury Must be Permitted to Assess Credibility, Weigh Evidence, and Reach Conclusions Based on the Evidence Presented to Them.

The testimony of the fact witnesses also varies on several other key details. First, they differ as to whether Mr. Ratliff's body was in the air or not, and for how long. See: JA 252-3, DE 100-1, pp. 2-3, Page ID# 661-2; JA 266, 274, DE 100-2, pp. 5, 13, Page ID# 675, 683; JA 286, 293, DE 100-3, pp. 5, 12. Page ID# 695, 702; JA 299-301, 306, DE 100-4, pp. 3-5, 10, Page ID# 708-10, 715.

The witness's testimony further differs as to whether Mr. Ratliff's cycle went in the air or along the ground after impact (JA 252, 259, DE 100-1, pp. 2, 9, Page ID# 661, 668; JA 276, DE 100-2, p. 15, Page ID# 685; JA 285, 294, DE 100-3, pp. 4, 13, Page ID# 694, 703; JA 300, 303, DE 100-4, pp. 4, 7, Page ID# 709, 712); whether Mr. Ratliff struck Mr. Parsons' truck or not (JA 255, DE 100-1, p. 5, Page ID# 664; JA 265, 267, 275, DE 100-2, pp. 4, 6, 14, Page ID# 674, 676, 684; JA 287, DE 100-3, p. 6, Page ID# 696; JA 299-301, DE 100-4, pp. 3-5, Page ID# 708-10); whether there was a difference in the speed of the vehicles (JA 256, DE 100-1, p. 6, Page ID# 665;

22

JA 270-1, DE 100-2, pp. 9-10, Page ID# 679-80; JA 283, 292, DE 100-3, pp. 2, 11, Page ID# 692, 701; JA 298, DE 100-4, p. 2, Page ID# 707); whether Mr. Ratliff's body was on the ground before the approach of the truck or was still in the air (JA 253-4, DE 100-1, pp. 3-4, Page ID# 662-3; JA 265, 268, 279, DE 100-2, pp. 4, 7, 18, Page ID# 674, 677, 688; JA 287, DE 100-3, p. 6, Page ID# 696); the location of the vehicles at the point or time of impact (JA 257, DE 100-1, p. 7, Page ID# 666; JA 269, 272-3, DE 100-2, pp. 8, 11-12, Page ID# 678, 681-2; JA 284, 288-90, DE 100-3, pp. 3, 7-9, Page ID# 693, 697-99; JA 302, 305, DE 100-4, pp. 6, 9, Page ID# 711, 714); and whether the vehicles were in a passing zone or not at the time of the impact (JA 258, DE 100-1, p. 8, Page ID# 667; JA 264-5, DE 100-2, pp. 2-3, Page ID# 673-4; JA 291, DE 100-3, p. 10, Page ID# 700; JA 302, DE 100-4, p. 6, Page ID# 711).

Clearly, with all of the variations in the testimony of the witnesses as to several different details of the events of September 12, 2010, the District Court should have allowed the jury to assess the credibility of the witnesses, weigh the evidence, and draw any conclusions from the evidence that are to be drawn. The evidence to be presented is not limited to the testimony of the witnesses, but also includes the Accident Report, and includes such key pieces of evidence as the point of impact on Mr. Knight's vehicle (for which there are no photos taken immediately after the accident), and the physical location of Mr. Ratliff's body and motorcycle following the impact.

Significantly, the witnesses do agree that Mr. Ratliff's body was across the center line of the roadway after the crash. JA 268, DE 100-2, p. 7, Page ID# 677; JA 288, DE 100-3, p. 7, Page ID# 697; JA 301, DE 100-4, p. 5, Page ID# 710. Mr. Parsons (the only independent witness) went so far as to say that Mr. Ratliff's body was in his lane as it hurtled towards him after the crash. JA 252-3, DE 100-1, pp. 2-3, Page ID# 661-2. This is evidence from which the jury could draw the conclusion that the impact took place in the opposite lane of travel.

### 3. State Farm Previously Argued that the Jury Should be Permitted to Judge the Evidence.

Finally, we have the State Farm's own statement made in its Memorandum of Law in Support of Motion to Strike Plaintiff's Expert Witness, Kevin Theriault, or Alternatively, in Limine, to Exclude Any Such Testimony (JA 33, DE 77, Page ID# 365). In that Motion and Memorandum, State Farm argued that the jury did not need the testimony or opinions of Mrs. Ratliff's expert witness in order to decide the case. Specifically, State Farm stated, at p. 17 of that Memorandum:

> The jurors are the fact finders in this case and they can hear what is testified to by all the witnesses and then **make their own determination** about what was or was not done and what did or did not happen. Allowing an expert witness to draw conclusions based on evidence already admitted, without any special knowledge or training in that area, **is duplicative of the jury's role in this case** and unnecessary under the logic of *Bailey*, supra. (Bold emphasis added) (JA 52, DE 77, p. 17, Page ID# 384).

Evidently, State Farm changed its mind about the jury's role. Initially, State Farm contended the jury could decide the case on the facts without expert

24

testimony; then later State Farm did not want the jury to hear the case at all. This argument was disingenuous and contradictory.

Because there was a genuine issue of fact for the jury, the District Court erred in granting the State Farm's Motion for Summary Judgment.

## VIII. CONCLUSION

The District Court erred when it granted State Farm's Motion to Strike Plaintiff's Expert Witness, Kevin Theriault, or Alternatively, Motion in Limine to Exclude Testimony. Mr. Theriault's testimony and opinions should have been admissible under Rule 702 because they were based on his education, experience and knowledge as an accident reconstruction expert. At the least, the District Court abused its discretion when it failed to hold a <u>Daubert</u> hearing regarding Mr. Theriault's testimony.

The District Court further erred when it granted State Farm's Motion to Allow Filing of Motion for Summary Judgment Beyond Deadline. State Farm failed to show any good cause for granting this Motion. Further, it was prejudicial to Jessica Ratliff because Mrs. Ratliff then was given only two (2) days to respond to State Farm's Motion for Summary, rather that the thirty (30) days she would have had if the Motion had been timely filed pursuant to the Order of Enlargement.

Finally, it was error for the District Court to grant State Farm's Motion for Summary Judgment because there were genuine issues of material fact. The District Court failed to consider all reasonable inferences in a light most favorable to the non-movant, and in doing so impermissibly assumed the function of the jury.

25

WHEREFORE, for all of the foregoing reasons, plaintiff-appellant Jessica Ratliff, as Administratrix of the Estate of Michael Ratliff, by counsel, respectfully requests that this Honorable Court reverse the judgment of the United States District Court for the Northern District of West Virginia as set forth in its Orders entered February 25, 2014, March 4, 2014, and March 7, 2014, that it remand the case back to the District Court for a trial on the merits of the case, and for such other relief as this Honorable Court deems just.

RESPECTFULLY SUBMITTED,

JESSICA RATLIFF, as
Administratrix of the Estate of
Michael Ratliff, by counsel

S/Scott W. Andrews
Scott W. Andrews (WV Bar No.: 5772)
Hoover Andrews PLLC
3570 U. S. Route 60 East
P. O. Box 249
Barboursville, WV  25504-0249
(304) 733-3400 – office
(304) 733-4888 – fax
swandrews@hooverandrews.com
*Counsel for Appellant*

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JESSICA RATLIFF, Administratrix of the
     Estate of Michael Ratliff,

       Plaintiff – Appellant            Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
     INSURANCE CO.,

       Defendant – Appellee.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing "**Brief of Appellant**" complies with the type-volume limitations of FRAP Rule 32 because it contains 6,937 words, excluding parts of the brief exempted by FRAP Rule 32(a)(7)(B)(iii). This brief complies with the typeface and type style requirements of FRAP Rule 32 because it has been prepared in a proportionally spaced typeface using Word and in 12-point Century font.

/s/Scott W. Andrews
Scott W. Andrews (WV Bar No. 5772)
Hoover Andrews PLLC
3570 U. S. Route 60 East
P. O. Box 249
Barboursville, WV  25504-0249
(304) 733-3400 -- office
(304) 733-4888 – fax
swandrews@hooverandrews.com

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT


JESSICA RATLIFF, Administratrix of the
     Estate of Michael Ratliff,

       Plaintiff – Appellant               Appeal No. 14-1230

v.

STATE FARM MUTUAL AUTOMOBILE
     INSURANCE CO.,

       Defendant – Appellee.


## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that he has served the aforesaid "**Brief of Appellant**" on this 9th day of May, 2014, by electronically filing the same with the CM/ECF system.

                       /s/Scott W. Andrews_____
                       Scott W. Andrews (WV Bar No. 5772)
                       Hoover Andrews PLLC
                       3570 U. S. Route 60 East
                       P. O. Box 249
                       Barboursville, WV  25504-0249
                       (304) 733-3400 ·· office
                       (304) 733-4888 – fax
                       swandrews@hooverandrews.com